IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-215-D

| | |
|---|---|
| JA M. HAMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| ANDREW M. SAUL, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

On February 7, 2020, Magistrate Judge Jones issued a Memorandum and Recommendation ("M&R") and recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 17], grant defendant's motion for judgment on the pleadings [D.E. 22], and affirm defendant's final decision. See [D.E. 25].[1] On February 21, 2020, plaintiff objected to the M&R [D.E. 26]. Defendant did not respond.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b)(1). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

---

[1] Under Federal Rule of Civil Procedure 25(d), the court substitutes Andrew M. Saul for Nancy A. Berryhill as Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision concerning disability benefits under the Social Security Act, 42 U.S.C. § 301 et seq., is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., 42 U.S.C. § 405(g); Shinaberry v. Saul, No. 18-2096, 2020 WL 908887, at *3 (4th Cir. Feb. 26, 2020); Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted); see Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996); see Biestek, 139 S. Ct. at 1154; Shinaberry, 2020 WL 908887, at *3. This court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Shinaberry, 2020 WL 908887, at *3; Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court examines whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Shinaberry, 2020 WL 908887, at *3; Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Jones concerning whether the Administrative Law Judge ("ALJ") properly weighed the testimony of plaintiff's treating physician and the side effects of plaintiff's medications. Compare [D.E. 18] 19, 20–28 with [D.E. 26] 3–6.

2

However, both Judge Jones and the ALJ applied the proper legal standards. See M&R [D.E. 25] 4–10. Moreover, substantial evidence supports the ALJ's analysis. See id.

In sum, plaintiff's objections to the M&R [D.E. 26] are OVERRULED, the conclusions in the M&R [D.E. 25] are ADOPTED, plaintiff's motion for judgment on the pleadings [D.E. 17] is DENIED, defendant's motion for judgment on the pleadings [D.E. 22] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This 11 day of March 2020.

JAMES C. DEVER III
United States District Judge